**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIAN ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PLAINFIELD POLICE DEPARTMENT, LT. KEVIN O'BRIEN; SGT. ROLAND FUSCO; DT. TROY ALSTON; and DT. ANTHONY RUIZ, <br><br> Defendants. | Civ. No. 16-0835 (KM-JBC) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Julian Robinson, *pro se,* currently incarcerated in connection with State criminal proceedings, brings this civil rights complaint against the four police officers of the City of Plainfield: Lt. Kevin O'Brien, Sgt. Roland Fusco, Det. Troy Alston, and Det. Anthony Ruiz (the "Officers"). The complaint alleges a claim under 42 U.S.C. § 1983 that the officers conducted an unlawful search of Robinson's vehicle, in violation of the Fourth Amendment.[1] Now before the Court is the motion of Sgt. Fusco and Det. Ruiz (the "Movants") under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a complaint upon which relief may be granted, or alternatively for summary judgment under Fed. R. Civ. P. 56. (ECF no. 18)

---

[1] As originally filed, the complaint contained other parties and claims. Because this is a prisoner complaint, it was initially screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. In a Memorandum and Order ("Screening Order", ECF no. 3), I dismissed certain of the allegations for failure to state a claim, and in some cases for improper joinder as well. My order permitted the unlawful search claim to go forward against the four officers.

1

Shortly thereafter, the Officers filed an answer to the Complaint, with Counterclaims. (ECF no. 20) Because Robinson filed no timely response to the motion, I entered an order requiring that any response be filed by January 16, 2017 (ECF no. 24), and then granted an extension of time until February 20, 2017 (ECF no. 28). Robinson's response took the form of a "Motion to Oppose Dismissal Motion," which requests that the court order a probable cause hearing. (ECF nos. 31, 32) On March 3, 2017, the Movants filed a letter reply. (ECF no. 33)

The motion is now fully briefed. For the reasons stated herein, the motion to dismiss will be granted, and the summary judgment motion will be terminated as moot.

## I. BACKGROUND

The Complaint, as narrowed by the Court's Screening Order, see n.1, supra, asserts a single cause of action under 42 U.S.C. § 1983 based on the allegedly unlawful search of a car. Attached to the complaint as an exhibit is an order and opinion of the Superior Court of New Jersey, Law Division, Criminal Part, Union County, in *State v. Julian Robinson,* Indictment No. 14-12-01049-I, Case no. 14003579. ("Suppression Opinion", cited as "Supp. Op.", ECF no. 1-1) I here summarize the relevant allegations of the Complaint. (ECF no. 1) Because the complaint relies in great part on the Suppression Opinion, I use the Opinion to fill in details lacking from the Complaint itself.[2]

On July 19, 2014, in the 300 block of Halsey Street in Plainfield, Mr. Robinson was subjected to a traffic stop. He was driving a Chevy Lumina with

---

2   "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI),* 822 F.3d 125, 134 n.7 (3d Cir. 2016)

license plate L41EKC. Robinson was arrested on multiple outstanding warrants and transferred to Union County Jail. The car was left parked on Halsey Street.

On August 6, 2014, an official at the jail conveyed information about the Chevy Lumina to Lt. Kevin O'Brien of the Plainfield police.[3] O'Brien ordered a canvas of the area. In response, Sgt. Ronald Fusco sent Det. Anthony Ruiz to the 300 block of Halsey Street to write down the license plate numbers of cars parked on the block. The list was given to Det. Troy Alston, who ran the plate numbers on a database.

Alston determined that just one of the vehicles on the block, the Chevy Lumina with plate number L41EKC, "did not belong on Halsey." The registered owner of that car was identified as Joseph Carrington, who lived at 952 West 3d Street in Plainfield.[4]

Det. Alston testified at the suppression hearing that he saw the Chevy Lumina on Halsey Street. Alston said that car, although legally parked, appeared to him to be abandoned. An anonymous citizen allegedly confirmed to him that the car had been there for a month. Alston had the car towed.

On August 8, 2014, Lt. O'Brien spoke to Mr. Carrington at his home, 952 West 3d Street. Carrington confirmed that the car was his, and said he had lent it to Robinson. Carrington signed a consent to search the car. At the tow yard, the officers' search of the car yielded a loaded .22 caliber revolver, some ammunition and some paperwork connected to Mr. Robinson.

Robinson alleges that he was criminally charged in connection with the gun. The specifics of this charge, and any other charges that may be pending, are not clear from the complaint. It was presumably in connection with firearms-related charges, however, that Mr. Robinson moved to suppress the gun and other items seized from the car.

---

[3] The Suppression Opinion relates that in telephone calls from the jail, Robinson expressed concern that there was an item, inferably contraband of some sort, left in the car.

[4] I take judicial notice that Halsey Street runs from West 3d Street to West 4th Street. Carrington's address, 952 West 3d Street, is not adjacent to Halsey Street, but is no more than three or four blocks away.

The Hon. Robert J. Mega, P.J. Cr., granted the motion to suppress, analyzing the search as follows.

First, Judge Mega found that Mr. Robinson possessed standing to challenge the search. New Jersey law grants "automatic standing" to a person with an interest in either the place searched or the property seized. (Supp. Op. 6) When a person abandons property, the person also relinquishes standing to object to a search, but only "when there are no other apparent or known owners of the property." (Supp. Op. 7, citing *State v. Johnson*, 193 N.J. 528, 549 (2008)) Mr. Robinson, the court reasoned, had a possessory interest in the car when he was pulled over. He did not abandon the vehicle by legally parking it at the time of his arrest. Moreover, Mr. Carrington was known to be the owner of the car at the time it was impounded. (Supp. Op. 6–8)

Second, Judge Mega found that the seizure of the Lumina violated Article 1, paragraph 7 of the New Jersey Constitution, the state analogue of the Fourth Amendment. Such an impoundment, he reasoned, is permissible when there is probable cause to believe the vehicle contains evidence of a crime, or when administrative impoundment is proper under applicable law. Det. Alston lacked a probable cause basis to impound the vehicle; he testified that he had it towed because he considered it abandoned. At the time, however, Alston knew the owner was Mr. Carrington, a person familiar to him, who lived mere blocks away. Judge Mega found Alston's testimony that he thought the car was abandoned, as well as his testimony that an anonymous citizen confirmed the car's status, to be unpersuasive. The judge found that the seizure violated the State constitution and that all evidence later recovered from the car would be suppressed as a fruit of that illegal seizure. (Supp. Op. 8–9)

Third, Judge Mega considered in the alternative the validity of the consent to search given to Lt. O'Brien by Mr. Carrington. Assessing the voluntariness of that consent, the Judge found the circumstances to be "uncomfortably suggestive of coercion." (Supp. Op. 12) Carrington's car had already been towed away and was in police custody; moreover, the police did not advise him orally that he had the right to refuse consent. Judge Mega

4

concluded that Carrington might have reasonably concluded that he had no choice in the matter. For this alternative reason, the court suppressed the evidence retrieved from the Chevy Lumina. (Supp. Op. 9–12)

In his Complaint, Mr. Robinson states that he seeks monetary compensation for, *inter alia*, incarceration, associated pain and suffering, and being subjected to additional charges while incarcerated.

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556

U.S. at 678 (2009).

The United States Court of Appeals for the Third Circuit has provided a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See [Iqbal,* 556 U.S.] at 675; *Argueta [v. U.S. Immigration & Customs Enforcement,* 643 F.3d 60, 73 (3d Cir. 2011)]. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal,* 556 U.S. at 679; *Argueta,* 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679; *Argueta,* 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

*Bistrian v. Levi,* 696 F.3d 352, 365 (3d Cir. 2012). *Accord Carpenters Health and Welfare Fund of Philadelphia v. Management Resource Systems, Inc.,* 837 F.3d 378, 382 (3d Cir. 2016) (citing *Bistrian*).

### III.  DISCUSSION

The two Movants, Sgt. Fusco and Det. Ruiz, argue that the Complaint fails to state a plausible claim against them under 42 U.S.C. § 1983.

The Movants' point here is directed to the specific allegations against themselves. The only allegations against them are that Sgt. Fusco (on O'Brien's orders) sent Det. Ruiz to the 300 block of Halsey Street to write down the license plate numbers of cars parked on the block, and that Ruiz did so. The Movants argue cogently that, in acting as they did, they did not violate any recognized expectation of privacy. Neither the Fourth Amendment nor the State Constitution bars the police from observing the license plate of a car parked on a public street. (Moving Br. 7–9, citing *State v. Myrick,* 282 N.J. Super. 285, 291 (Law Div. Union Co. 1995); *State v. Lewis,* 288 N.J. Super. 160 (App. Div. 1996); *State v. Donis,* 157 N.J. 44, 54-55 (1998)).

Indeed, the observation of the publicly exposed license plate is not the basis on which the seizure and search were found illegal by Judge Mega. The suppression of the evidence, and the claims of the Complaint, are essentially based on the alleged actions of Lt. O'Brien and Det. Troy Alston. To be sure, they made some use of the license plate information. But they are the ones alleged to have engineered the seizure of the "abandoned" car and obtained the consent of Carrington.

Against the Movants, Sgt. Fusco and Det. Ruiz, the Complaint does not state a plausible claim of illegal search and seizure.[5]

## CONCLUSION

Accordingly, the motion to dismiss the complaint, pursuant to Rule 12(b)(6), is granted as to defendants Fusco and Ruiz. The case will proceed against defendants O'Brien and Alston only. The Movants' remaining contentions are dismissed as moot. This dismissal is without prejudice to the filing of a proposed amended complaint within 30 days.

Dated: March 3, 2017

_____
HON. KEVIN MCNULTY
United States District Judge

---

[5] I deal with two miscellaneous contentions here.

In response to the motion to dismiss, the plaintiff sought a "probable cause hearing." Such a hearing, generally sought in a criminal rather than a civil case, is irrelevant to the question of whether the complaint states a cause of action against these two defendants.

In the alternative, the Movants sought summary judgment based on qualified immunity. I do not need to reach that contention. I observe, however, that the qualified immunity analysis has two prongs: "first determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, the court must then "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). On this record, the first prong would essentially duplicate the motion to dismiss analysis already conducted above.