## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JULIAN ROBINSON,** | : | **Civil Action No. 16-835 (KM)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **CITY OF PLAINFIELD POLICE** | : | |
| **DEPARTMENT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Julian Robinson to comply with Court orders and prosecute his case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff commenced this action on or about February 16, 2016 against Defendants City of Plainfield Police Department ("Plainfield PD"), Lt. Kevin O'Brien, Sgt. Roland Fusco, Dt. Troy Alston and Dt. Anthony Ruiz. *See* Dkt. No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on April 12, 2016. *See* Dkt. No. 2. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A and dismissed Defendant Plainfield PD while allowing the claims against the remaining Defendants to proceed. *See* Dkt. No. 3.

Defendants Fusco and Ruiz filed a motion to dismiss the Complaint on August 22, 2016. *See* Dkt. No. 18. After the deadline for Plaintiff to respond to the motion to dismiss had passed, the Court entered an Order allowing Plaintiff until January 16, 2017 to respond to Defendants' motion and advising Plaintiff that if he failed to so, the motion may be granted as unopposed. *See* Dkt. No. 24. Plaintiff's opposition, which was less than two pages in length, was filed on February

1

24, 2017.[1] *See* Dkt. No. 31. On March 3, 2017, the Court granted Defendants' motion and dismissed all claims against Defendants Fusco and Ruiz. *See* Dkt. No. 36. Defendant O'Brien filed an Answer to the Complaint on August 25, 2016, along with a crossclaim against Defendants Alston, Fusco and Ruiz. *See* Dkt. No. 20. Defendant Alston filed an Answer to the Complaint on February 20, 2017, along with a crossclaim against Defendants Fusco, O'Brien and Ruiz. *See* Dkt. No. 30.

The Court entered a Pretrial Scheduling Order in this matter on September 29, 2017. *See* Dkt. No. 48. On January 2, 2018 Defendants filed a letter advising the Court that Plaintiff had not served Defendants with any discovery requests or responded to the discovery requests served by Defendants. *See* Dkt. No. 53. Plaintiff then failed to appear for a telephone conference scheduled before the Court on February 15, 2018, and the telephone conference was adjourned to March 27, 2018. *See* Dkt. No. 55. Plaintiff did appear for the rescheduled telephone conference on March 27, 2018, during which the Court extended certain discovery deadlines and set another telephone conference for June 29, 2018. *See* Dkt. No. 58. Plaintiff failed to appear for the June 29, 2018 telephone conference and the conference was adjourned to August 8, 2018. *See* Dkt. No. 60. Plaintiff appeared for the August 8, 2018 telephone conference and the Court again extended certain discovery deadlines and scheduled a telephone conference for October 29, 2018. *See* Dkt. No. 61. Plaintiff failed to appear for the October 29, 2018 telephone conference, which was adjourned to January 29, 2019 as a result of Plaintiff's absence. *See* Dkt. No. 62. When Plaintiff failed to appear on January 29, 2019, the Court issued an Order to Show Cause requiring Plaintiff to appear before the Court on March 29, 2019 and show cause why his case should not be recommended for dismissal. *See* Dkt. No. 66. The Order to Show Cause also required Plaintiff to

---

[1] It appears that Plaintiff's opposition was docketed twice. *See* Dkt. Nos. 31, 32.

submit a written submission to the Court by March 21, 2019. *Id.*

On February 13, 2019, the Court issued an Order adjourning the Order to Show Cause hearing to April 5, 2019, and directing Defendants to serve a copy of the Order on Plaintiff by certified mail, return receipt requested, and by regular mail to Plaintiff's last known address and to the correctional facility at which Plaintiff was previously detained. *See* Dkt. No. 67. Defendants filed an affidavit of such service on March 18, 2019. *See* Dkt. No. 69. Although the Court's attempts to serve Plaintiff with a copies of the Order to Show Cause and the February 13, 2019 Order via regular mail were returned as undeliverable, Plaintiff did appear for the April 5, 2019 Order to Show Cause hearing. During the April 5, 2019 hearing, Plaintiff advised the Court that he was currently residing in Easton, Pennsylvania and provided the Court with an updated address. Following the April 5, 2019 hearing, the Court issued an Order extending certain discovery deadlines, scheduling a telephone conference for July 31, 2019,  and directing Defendants to serve a copy of the Court's Order on Plaintiff at the address provided during the hearing by first class mail and to file proof of such service. *See* Dkt. No. 74. Defendants filed proof of such service on May 17, 2019. *See* Dkt. No. 76.

Plaintiff failed to appear for the July 31, 2019 telephone conference, and the telephone conference was adjourned to August 20, 2019. *See* Dkt. No. 78. When Plaintiff failed to appear for the August 20, 2019 telephone conference, the Court issued a second Order to Show Cause (the "OTSC") requiring Plaintiff to appear before the Court on November 13, 2019 and show cause why his case should not be recommended for dismissal. *See* Dkt. No. 79. The OTSC also required Plaintiff to submit a written submission by October 28, 2019. *Id.* Although the OTSC required Defendants to serve Plaintiff with a copy of the OTSC and to file proof of such service, Defendants failed to do so. As a result, the Court entered an Order on November 6, 2019 adjourning the OTSC

hearing to January 16, 2020, and again instructing Defendants to serve Plaintiff with the OTSC and to file proof of such service with the Court. *See* Dkt. No. 82. Defendants served a copy of the OTSC on Plaintiff at the address provided by Plaintiff on September 28, 2019 and filed proof of such service with the Court. *See* Dkt. No. 83. Plaintiff did not file the required written submission and did not appear for the OTSC hearing on January 16, 2020. The Court has not received any communication from Plaintiff since Plaintiff appeared for the first Order to Show Cause hearing on April 5, 2019.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil

4

Procedure 41(b).  *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

    **1. Plaintiff's Personal Responsibility.**  In this case, it appears that Plaintiff, appearing *pro se* in this action, is solely responsible for his failure to comply with Court orders and to prosecute his case.  By failing to attend multiple conferences, Plaintiff made it impossible to meaningfully participate in this litigation.  Moreover, Defendants mailed the OTSC to Plaintiff's last known addresses, yet Plaintiff failed to submit a position paper or appear in-person for the OTSC hearing on January 16, 2020.  By failing to communicate with the Court and failing to appear at the OTSC hearing, Plaintiff has effectively abandoned his case.

    **2. Prejudice to Defendants.**  Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants.  Plaintiff initiated this action and has since failed to respond or appear pursuant to any Court orders.  Plaintiff's actions, or lack thereof, support dismissal.  *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

    **3. History of Dilatoriness.**  Plaintiff has a history of dilatoriness.  He failed to participate in discovery and failed to appear for telephone conferences with the Court on February 15, 2018, June 29, 2018, October 29, 2018, January 29, 2019, July 31, 2019 and August 20, 2019.  Additionally, Plaintiff failed to submit a position paper on the required date, and he failed to appear at the OTSC hearing on January 16, 2020.  Accordingly, Plaintiff's inaction in this matter supports dismissal.

    **4. Willfulness or Bad Faith.**  The Court will not conclude that Plaintiff has proceeded in bad faith.  However, Plaintiff's conduct has been willful.  Plaintiff has been willfully unresponsive to Court orders and has failed to attend scheduled conferences before this Court.  These

circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5.  Effectiveness of Alternative Sanctions.**  Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile.  Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting his case.  No other sanction would be effective if Plaintiff does not heed them.  *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.**  The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

In sum, Plaintiff did not appear in response to the Court's Order to make an appearance to show cause why this case should not be dismissed.  Plaintiff also failed to attend multiple telephone conferences scheduled by the Court.  As such, Plaintiff's repeated failures to participate in this litigation and willful abandonment establish his inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **31st day of March, 2021,**

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiff at 1150 Washington Street, Easton, PA 18042; and it is further

**ORDERED** that Defendants' counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Plaintiff at 1150 Washington Street, Easton, PA 18042.

The parties are advised that they may file an objection within 14 days of the date of this

Order pursuant to FED.R.CIV.P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**