# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIAN ROBINSON,**<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>**CITY OF PLAINFIELD POLICE DEPARTMENT,** *et al.*<br><br>　　　　Defendant(s). | Civ. No. 16-835 (KM)(JBC)<br><br>**ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

　　**IT APPEARING** that on March 31, 2021, the Hon. James B. Clark, III, U.S. Magistrate Judge, *sua sponte* opened this matter based on the failure of *pro se* Plaintiff Julian Robinson to comply with Court orders and prosecute his case, and filed a Report and Recommendation ("R&R") (DE 87) that the Court dismiss the action without prejudice; and

　　**IT FURTHER APPEARING** that no objection to the R&R, timely or otherwise, has been filed, *see* Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); and

　　**THE COURT** having reviewed the R&R *de novo* despite the lack of an objection; and

　　**IT APPEARING** that Plaintiff commenced the action on February 16, 2016 against Defendants City of Plainfield Police Department, Lt. Kevin O'Brien, Sgt. Roland Fusco, Dt. Troy Alston, and Dt. Anthony Ruiz (DE 1); and

　　**IT FURTHER APPEARING** that Plaintiff's application to proceed *in forma pauperis* was granted and, upon initial screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A, the Court dismissed Defendant Plainfield Police Department and allowed the claims against the remaining Defendants to proceed (DE 3); and

1

**IT FURTHER APPEARING** that on August 22, 2016, Defendants Fusco and Ruiz filed a motion to dismiss the Complaint (DE 18) and on March 3, 2017, the Court granted the motion and dismissed all claims against those Defendants (DE 36);[1] and

**IT FURTHER APPEARING** that On August 25, 2016, Defendant O'Brien filed an Answer to the Complaint along with a crossclaim against Defendants Alston, Fusco, and Ruiz (DE 20) and, on February 20, 2021, Defendant Alston filed an Answer to the Complaint with a crossclaim against Defendants Fusco, O'Brien, and Ruiz (DE 30);

**IT FURTHER APPEARING** that, thereafter, Plaintiff failed to serve or respond to any discovery requests and failed to appear to three consecutively scheduled telephone conferences; and

**IT FURTHER APPEARING** that Plaintiff appeared for a telephone conference on August 8, 2018, but failed to appear to two subsequent conferences; and

**IT FURTHER APPEARING** that the Court issued an Order to Show Cause requiring Plaintiff to appear before the Court on March 29, 2019, show cause why his case should not be recommended for dismissal, and submit a written submission to the Court by March 21, 2019 (DE 66); and

**IT FURTHER APPEARING** that, on February 13, 2019, the Court adjourned the Order to Show Cause hearing to April 5, 2019 and directed Defendants to serve an additional copy of the Order to Show Cause on Plaintiff at (a) his address of record, *i.e.,* the correctional facility at which Plaintiff was previously detained, which Plaintiff had never updated as required by the Local Rules; and (b) another address that appeared to be the Plaintiff's current address (DE 67); and

**IT FURTHER APPEARING** that, although the attempts to serve Plaintiff with the Order via regular mail were returned as undeliverable, Plaintiff

---

[1] Plaintiff initially failed to timely respond to the motion. The Court entered an order extending the deadline for plaintiff to respond. (DE 24).

appeared for the April 5, 2019 hearing, and, at that hearing, Plaintiff advised the Court that the was residing in Easton, Pennsylvania and provided an updated address, but again failed to update his address of record with the clerk; and

**IT FURTHER APPEARING** that Plaintiff failed to appear for two telephone conferences following the April 5, 2019 hearing; and

**IT FURTHER APPEARING** that the Court issued a second Order to Show Cause requiring Plaintiff to appear on November 13, 2019, show cause why his case should not be recommended for dismissal, and submit a written submission by October 28, 2019; and

**IT FURTHER APPEARING** that the Order to Show Cause hearing was subsequently adjourned to January 16, 2020; and

**IT FURTHER APPEARING** that Defendants served a copy of the Order to Show Cause at the last known address provided by Plaintiff in Easton, Pennsylvania, and provided proof of service of the same; and

**IT FURTHER APPEARING** that Plaintiff did not appear for the Order to Show Cause hearing on January 16, 2020 or file any written submissions; and

**IT FURTHER APPEARING** that Plaintiff has not communicated with the Court since April 5, 2019; and

**IT FURTHER APPEARING** that, pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), the Court is authorized to impose sanctions for a party's failure to respond to court orders and failure to prosecute a case;

**IT FURTHER APPEARING** that Judge Clark's reasoning in recommending the action be dismissed for Plaintiff's failure to follow this Court's orders and failure to prosecute his own case is sound, and that no error of law, clear error of fact, or abuse of discretion is apparent;

**IT IS THEREFORE** this 19th day of May, 2021,

**ORDERED** that the R&R (DE 87) is **ADOPTED and AFFIRMED** pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3);[2] and it is further

**ORDERED**, for the reasons stated in the R&R, that the action is **DISMISSED** without prejudice.

The clerk shall close the file.

/s/ Kevin McNulty

**Kevin McNulty
United States District Judge**

---

[2] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also U.S. v. Raddatz, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).